# EXHIBIT 6

Filing # 140579934 E-Filed 12/17/2021 11:19:14 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:  2021-027161-CA-01

SERGIO BARTH TOBAR, as
Personal Representatives of the Estate of LUIS
FERNANDO BARTH, Decedent,

       Plaintiff,

v.

CHAMPLAIN TOWERS SOUTH CONDOMINIUM
ASSOCIATION, INC., a Florida not-for-profit
corporation; MORABITO CONSULTANTS, INC., a
foreign for-profit corporation; 8701 COLLINS
DEVELOPMENT, LLC, a foreign limited liability
company; JOHN MORIARTY & ASSOCIATES OF
FLORIDA, INC., a foreign for-profit Corporation;
NV5, INC., a foreign-for profit corporation; NV5
GLOBAL INC., a foreign-for profit corporation;
BIZZI & PARTNERS DEVELOPMENT, LLC, a
foreign limited liability company; TERRA GROUP,
LLC, a Florida limited liability company, TERRA
WORLD INVESTMENTS, LLC, a Florida limited
liability company, and DESIMONE CONSULTING
ENGINEERS, LLC., a foreign for profit corporation,

       Defendants.

_____/

## **COMPLAINT**

COMES NOW the Plaintiff, SERGIO BARTH TOBAR, as Personal Representatives of

the Estate of LUIS FERNANDO BARTH, Decedent, by and through his undersigned counsel,

hereby sues Defendants, CHAMPLAIN TOWERS SOUTH CONDOMINIUM ASSOCIATION,

INC., MORABITO CONSULTANTS, INC., 8701 COLLINS DEVELOPMENT, LLC, JOHN

MORIARTY & ASSOCIATES OF FLORIDA, INC., NV5, INC., NV5 GLOBAL, INC., BIZZI & PARTNERS DEVELOPMENT, LLC, TERRA GROUP, LLC, TERRA WORLD INVESTMENTS, LLC, and DESIMONE CONSULTING ENGINEERS, LLC., (together "Defendants") and as grounds therefore alleges as follows:

## INTRODUCTION

1.      This is a wrongful death action brought against Defendants who were either involved in the ownership, maintenance, restoration, management, inspection and or oversight of the building where LUIS FERNANDO BARTH (the "Decedent") was lawfully staying, known as "Champlain Towers South", located at 8777 Collins Ave, Surfside, FL, 33154 (hereinafter the "Building") or with the ownership, management, supervision, construction, renovation and/or development of the neighboring property of "Eighty-Seven Park" and 18-story luxury building located at 8701 Collins Avenue, Miami Beach, Florida, built between 2015 and 2020, whose representative's, employee's and/or agent's conduct interfered with and damaged the property where the Decedent stayed and therefor was an invitee.

2.      On June 24, 2021, due to the negligence of the Defendants the Building suffered a catastrophic failure and partially collapsed, and 55 units were reduced to rubble causing the loss of the life of the Decedent and that of 97 other people. The collapse was preventable and was the result of the direct negligence of the Defendants.

3.      The conduct of these Defendants was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, and property rights of persons, including the Decedent, who lost his life as a result of the Defendants' actions or omissions.

## PARTIES

4.      At all times material hereto, Plaintiff, SERGIO BARTH TOBAR, was *sui juris*

and a resident of Miami-Dade County, Florida.

5.      At all times material hereto, the Decedent, LUIS FERNANDO BARTH, was lawfully staying in unit 204, located at the building known as "Champlain Towers South" located at located at 8777 Collins Ave, Surfside, FL, 33154.

6.      At all times material hereto, the Decedent, LUIS FERNANDO BARTH'S, survivors and his Estate are entitled to economic and non-economic damages for the negligence of the Defendants.

7.      At all times material hereto, Plaintiff, SERGIO BARTH TOBAR, has been or will be the duly appointed Personal Representatives of the Estate of the Decedent. The Plaintiff brings this claim on behalf of the Decedent's Estate as well as the Decedent's Survivors, who are SERGIO BARTH TOBAR, the Decedent's brother, and MARTA MARIA TOBAR MOLINA, the Decedent's mother.

8.      At all times material hereto, CHAMPLAIN TOWERS SOUTH CONDOMINIUM ASSOCIATION, INC. (hereinafter "CHAMPLAIN TOWERS SOUTH") was and is a Florida not-for-profit corporation licensed to and doing business in Miami-Dade County, Florida, and was and is the owner, operator and/or manager of the Building, Champlain Towers South.

9.      At all times material hereto, Defendant, MORABITO CONSULTANTS, INC., (hereinafter "MORABITO CONSULTANTS"), was and is a foreign for-profit corporation, licensed to and doing business in Florida, and was engaged in providing engineering consulting services at the Building.

10.     At all times material hereto, Defendant, 8701 COLLINS DEVELOPMENT, LLC, was and is a Delaware limited liability company, authorized to and doing business in Florida, and owned, operated, constructed, managed, supervised and/or developed a construction and

3

renovation project known as "Eighty-Seven Park", located at 8701 Collins Ave, Miami Fl, 33154.

11.     At all times material hereto, Defendant, JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC., (hereinafter "JOHN MORIARTY& ASSOCIATES") was and is a foreign for-profit corporation, licensed to and doing business in Miami-Dade County, and was engaged in providing general contracting services for the construction and renovation project at "Eighty-Seven Park."

12.     At all times material hereto, Defendant, NV5, INC., was and is a foreign for-profit corporation, licensed to and doing business in Miami-Dade County, and was engaged in providing geotechnical engineering services for the construction and renovation project at "Eighty-Seven Park."

13.     At all times material hereto, Defendant, NV5 GLOBAL, INC., was and is a foreign profit corporation, licensed to and doing business in Miami-Dade County, and was engaged in providing geotechnical engineering services for the construction and renovation project at "Eighty-Seven Park."

14.     At all times material hereto, Defendant, BIZZI & PARTNERS DEVELOPMENT, LLC, (hereinafter "BIZZI & PARTNERS") was and is a foreign limited liability company, doing business in Florida, and operated, managed, supervised and/or developed a construction and renovation project known as "Eighty-Seven Park," located at 8701 Collins Ave, Miami Fl, 33154.

15.     Defendant TERRA GROUP, LLC, was and is a Florida limited liability company with its principal place of business at 3310 Mary Street, Suite 302, Coconut Grove, Florida and was and is doing business in Florida. Defendant Terra Group, LLC, by and through its agents, servants, workmen, employees, ostensible agents, joint venturers, and/or alter egos owned,

4

operated, constructed, managed, supervised, and/or developed a construction and renovation project known as "Eighty-Seven Park," located at 8701 Collins Avenue, Miami Beach, Florida.

16.     Defendant TERRA WORLD INVESTMENTS, LLC, was and is a Florida limited liability company with its principal place of business at 3310 Mary Street, Suite 302, Coconut Grove, Florida and was and is doing business in Florida. Defendant Terra Group, LLC, by and through its agents, servants, workmen, employees, ostensible agents, joint venturers, and/or alter egos owned, operated, constructed, managed, supervised, and/or developed a construction and renovation project known as "Eighty-Seven Park," located at 8701 Collins Avenue, Miami Beach, Florida.

17.     Defendant DESIMONE CONSULTING ENGINEERS, LLC (hereinafter referred to as "DeSimone"), was and is a Delaware limited liability company with its principal place of business at 140 Broadway, 25th Floor, New York, New York and was and is doing business in Florida. DeSimone, by and through its agents, servants, workmen, employees, ostensible agents, and/or alter egos, was hired, retained, or otherwise acting as the structural engineer on the construction and renovation project known as "Eighty-Seven Park," located at 8701 Collins Avenue, Miami Beach, Florida.

18.     All conditions precedent to the bringing of this action and Plaintiff's rights to the relief sought herein have occurred, have been performed or have been waived.

## JURISDICTION AND VENUE

19.     This is a wrongful death action seeking damages in excess of thirty thousand dollars ($30,000.00), exclusive of interests, costs and attorney's fees. As such, this Court has exclusive jurisdiction pursuant to the Florida Statutes.

20.     Venue is proper in this circuit as this is the place where the acts and omissions

5

complained of herein took place, where the causes of action accrued, and the place where the affected properties, which are the subject of this action, are situated.

## GENERAL ALLEGATIONS

21.     At all times material hereto, prior to its collapse, the Building was a 12-story beachside residential building with 136 units built in 1980, located at 8777 Collins Avenue, Surfside, Florida.

22.     Years before the catastrophic partial collapse of the Building, Defendant, CHAMPLAIN TOWERS SOUTH, was aware of the deplorable conditions that existed at the Building. Several residents, the maintenance manager and various building inspections raised numerous concerns about the structural integrity of the Building and were repeatedly brought to their attention but nothing was done to resolve this serious ongoing problem.

23.     The structure of the Building was in an urgent need for repair and immediate attention due to its peril state and it was bound to fail without proper repair. The Defendant, CHAMPLAIN TOWERS SOUTH knew of the dangerous condition that existed within the Building's structure and chose to ignore it.

24.     The dangers at the Building were already in existence as far back as 2001, when a Building resident filed a lawsuit against the Defendant CHAMPLAIN TOWERS SOUTH alleging property damage caused by water entering her unit through "cracks in the outside wall of the building." The complaint alleged that Defendant CHAMPLAIN TOWERS SOUTH "failed to repair or negligently repaired" the "common elements of the outside walls of the building." However, no action was taken at the time.

25.     Still faced with dangers at the Building that were unaddressed, a second lawsuit was filed in 2015 by the same resident alleging additional property damage caused by the same

defects, which concerned the structural integrity of the Building.

26.     It was not until 2018 that the Defendant, CHAMPLAIN TOWERS SOUTH, finally elected to take any action to address the safety concerns that existed at the Building but only due to the need to pass the county's 40-year building recertification process.

27.     Defendant, MORABITO CONSULTANTS, was hired by the Defendant CHAMPLAIN TOWERS SOUTH, to prepare the necessary paperwork to obtain the recertification of the Building, as required by Miami-Dade County and the Town of Surfside.

28.     Defendant, MORABITO CONSULTANTS, inspected the Building and provided their Structural Field Survey Report to the Defendant, CHAMPLAIN TOWERS SOUTH, on October 8, 2018 assessing the overall condition of the Building and explaining what repairs were necessary to provide a safe and functional infrastructure of the Building.

29.     The report showed that the Building had significant cracks and breaks in the concrete, which compromised the structural integrity of the Building.

30.     Specifically, the report identified evidence of "major structural damage" below the pool deck and warned that waterproofing below the pool deck and entrance drive was failing and that if this was not replaced in the near future it will cause the extent of the deterioration of the concrete to expand more rapidly. The report further identified that multiple cracking and spalling of varying degrees in the concrete columns, beams, and walls. Defendant, MORABITO CONSULTANTS recommended the timely repair or most of the concrete deterioration. In spite of the seriousness of the findings, no action was taken to resolve these conditions.

31.     Notwithstanding the worrisome results of the inspection, documented in photographs, and the severe structural issues with the Building, foundation, and other areas, at no time did Defendant, MORABITO CONSULTANTS, advise the Defendant, CHAMPLAIN

7

TOWERS SOUTH, that there was any urgency to performing repairs or any need to evacuate residents immediately or during repairs.

32.     The Building was an older building in need of urgent repairs, but it became badly damaged and unsafe due the excavation, construction and renovation of the luxury high-rise condominium project next to the Building, known as "Eighty-Seven Park", which took place between 2015 and 2020.

33.     The Defendants that had the ownership, management, supervision, construction, restoration and/or development of the neighboring property of "Eighty-Seven Park" improperly obtained the right to build higher than originally entitled, bought a public street that is just a few feet from the Building's foundation, undertook extremely damaging excavation and site work dangerously close to the Building, sloped a foot path causing water to pour into the Building, which corroded the structural supports of the Building, and used large tractor cranes to drive 40-foot sheet piles into the ground only about 10 feet away from the Building's south foundation wall, had prior knowledge of the dangers of the vibrations during site preparation and foundation work would cause and that subsequently shook the structure and cracked tiles and walls at the Building that were clearly evident and made the residents of the Building feel unsafe and subsequently caused the Building to partially collapse.

## COUNT I: NEGLIGENCE AGAINST
## CHAMPLAIN TOWERS SOUTH CONDOMINIUM ASSOCIATION, INC.

34.     Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth herein.

35.     At all times material hereto, Defendant, CHAMPLAIN TOWERS SOUTH, had a non-delegable duty to maintain its property in a reasonably safe condition and to warn of unreasonable risks of harm.

8

36.     This non-delegable duty included inspecting and maintaining the subject building so that conditions on the premises did not create a danger to the public, and their residents, including Decedent.

37.     At the time of its partial collapse of the Building was in a defective, weakened, and in an dangerous condition and required immediate repairs.

38.     Defendant, CHAMPLAIN TOWERS SOUTH, had actual knowledge and notice of the dangerous condition of the Building, or, in the exercise of reasonable care, should and would have had known of the unsafe condition of the Building. In fact, years before its partial collapse and in the 2018 and 2020 inspections done to the Building that showed major structural damage the Defendant, CHAMPLAIN TOWERS SOUTH, was made aware of the widespread damages to the structure of the Building such as cracks in the concrete and tile, exposed rebar, damaged balconies, compromised concrete slabs in the pool area, and other damage.

39.     Defendant, CHAMPLAIN TOWERS SOUTH,  repeatedly neglected the warnings and the dire state of the Building, failed to act and continued to negligently and carelessly maintain the Building, and  failed to take steps to protect and warn the occupants of the Building, including the Decedent. Defendant's, CHAMPLAIN TOWERS SOUTH, failures allowed the Building to remain in a dangerous and defective condition.

40.     Defendant, CHAMPLAIN TOWERS SOUTH, through its agents and/or employees, breached its duty to exercise reasonable care and acted in a negligent manner through the following acts and/or omissions:

      a.  Failing to appreciate the significance of the cracking, fractures, and defects in the structure of the Building brought to their attention by their residents, agents and/or employees;

      b.  Permitting the water from the pool deck and other water in existence under the structure of the Building to seep and leak into the structure of the

Building causing damage to the structural integrity of the Building;

c. Placing Decedent in the zone of danger of imminent risk of death or serious bodily injury at the Building;

d. Failing to properly analyze, review, communicate, prevent and/or eliminate the risks associated with the fractures, crack, and defects in the Building's structure;

e. Failing to disclose to Decedent, that the structure of the Building was weak, deficient and/or defective rendering the structure unsafe;

f. Failing to disclose to the Decedent, that the cracks and defects observed on the structure of the Building created a dangerous condition and were likely to cause a collapse;

g. Failing to disclose to the Decedent, that the cracks observed in the structure of the Building before its collapse were a safety concern;

h. Failing to perform, manage, supervise, oversee, and/or inspect the repairs and/or restoration of the structure of the Building;

i. Failing to properly train, instruct, and supervise personnel who participated in maintenance, inspection, repair or restoration of the Building;

j. Failing to warn Decedent that the Building was unsafe;

k. Failing to notify the Decedent to timely evacuate the Building;

l. Recklessly and carelessly not requesting the evacuation of the structure of the Building before attempting to perform repairs and/or restoration; and

m. Otherwise negligently failing to disclose any dangerous condition relative to the structure of the Building in the circumstances.

41. As a result, the Building was unsafe, defective, unstable and as a result it collapsed.

42. As a foreseeable and proximate result of the Defendant's, CHAMPLAIN TOWERS SOUTH, negligence and reckless disregard for human life, safety and property in this matter, Decedent sustained injuries resulting in his death.

**WHEREFORE**, for the foregoing reasons, the Plaintiff demands judgment

10

against Defendant CHAMPLAIN TOWERS SOUTH CONDOMINIUM ASSOCIATION, INC. for damages, including but not limited to pain and suffering, funeral expenses, loss of earnings, loss of prospective net accumulations, costs and such further relief as the Court deems just and proper.

**COUNT II: NEGLIGENCE AGAINST**
**MORABITO CONSULTANTS, INC.**

43. Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth herein.

44. At all relevant times, Defendant, MORABITO CONSULTANTS, its agents, servants, or employees, were engaged in providing engineering, inspecting, and consulting services for the Building. At the request of Defendant, CHAMPLAIN TOWERS SOUTH, Defendant, MORABITO CONSULTANTS, undertook to inspect, evaluate, and advise Defendant, CHAMPLAIN TOWERS SOUTH, on certain repairs and condition of the Building.

45. Defendant, MORABITO CONSULTANTS, had a duty to incorporate therein nationally recognized safety standards and practices; to follow and incorporate therein the terms and provisions of the applicable building codes; to make a design, plan and specification which would not produce harm, injury or death to the public, the Building's residents and their property, including the Decedent; and to perform their services in a safe manner.

46. This duty included providing accurate information as to the condition of the Building and potential safety risks and recommending timely evacuation of the Building so that conditions on the premises did not create a danger to the public, the Building's residents and their property, including Decedent.

47. Before June 24, 2021, Defendant inspected the Building on at least two separate occasions, in 2018 and 2020. The Building, its appurtenances, and particularly the concrete

structure, pool deck, and parking garage, were all inspected and evaluated for safety under Defendant's, MORABITO CONSULTANTS, supervision. At both inspections, Defendant identified several significant structural defects in the Building.

48.     At all times material hereto, Defendant, MORABITO CONSULTANTS, knew, or in the exercise of reasonable care should have known that the Building was in a defective, weakened, and dangerous condition.

49.     Specifically, due to the nature of the dangers potentially associated with this type of work, the Defendant, MORABITO CONSULTANTS, and its workers, servants, agents, and employees knew or should have known that the subject building where they were performing their services was being inhabited by its residents.

50.     Nevertheless, the Defendant, MORABITO CONSULTANTS, negligently, carelessly, and intentionally failed or refused to take the appropriate or reasonable precautions generally recognized to protect the public in general, and the Decedent, from the defective condition of the Building.

51.     Defendant, MORABITO CONSULTANTS, through its agents and/or employees, breached its duty to exercise reasonable care and acted in a negligent manner by allowing a hazardous and dangerous condition to exist in the Building and failing to accurately disclose the inherent dangers associated with major structural damage, among others and failed to warn of the dangers found in the inspections.

52.     Defendant, MORABITO CONSULTANTS, further failed to appreciate the hazardous and dangerous condition of the Building, communicate the urgency of its condition and the danger of its impending collapse, and recommend appropriate measures including immediate repair and evacuation.

53.     As a foreseeable and proximate result of Defendant's, MORABITO
CONSULTANTS, negligence and reckless disregard for human life, safety and property in this
matter, Decedent sustained injuries resulting in his death.

**WHEREFORE,** for the foregoing reasons, Plaintiff, demands judgment against
Defendant MORABITO CONSULTANTS, INC. for damages, including but not limited to pain
and suffering, funeral expenses, loss of earnings, loss of prospective net accumulations, costs
and such further relief as the Court deems just and proper.

## COUNT III: NEGLIGENCE AGAINST
## 8701 COLLINS DEVELOPMENT, LLC

54.     Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth
herein.

55.     Upon information and belief, Defendant, 8701 COLLINS DEVELOPMENT,
LLC., owned and/operated, constructed, managed, supervised and/or developed a construction
project known as "Eighty-Seven Park", located at 8701 Collins Ave, Surfside Florida, 33154.
Eighty-Seven Park is directly next door to the Building.

56.     At all times material hereto, Eighty-Seven Park was and is an 18-story, 66-unit
condominium building, with an underground parking garage.

57.     Construction of the Eighty-Seven Park condominium high rise took place between
2016 and March 2020. During its construction, residents of the Building complained to Defendant,
8701 COLLINS DEVELOPMENT, LLC., that the construction was causing their building and the
ground inside their units to shake substantially.

58.     At all times material hereto, Defendant, 8701 COLLINS DEVELOPMENT, LLC.,
had a non-delegable duty to ensure that the development and construction of the Eighty-Seven
Park was made in a reasonably safe condition.

13

59.     This non-delegable duty included ensuring that conditions on its premises did not create a danger or risk of harm to the persons and their property at the Building, including Decedent.

60.     The Eighty-Seven Park construction process taken by Defendant or at the Defendant's, 8701 COLLINS DEVELOPMENT, LLC., instruction, caused the concrete foundation of the Building to become weakened and dangerous, creating a hazard to the public and their property, including the Decedent.

61.     Additionally, upon information and belief, in the course of the aforesaid construction and/or development, the Defendant, 8701 COLLINS DEVELOPMENT, LLC., made various excavations in the above-described area abutting the Building and impacted the foundation of the Building.

62.     Upon information and belief, in the course of the aforesaid work, the Defendant excavated beneath and dangerously conducted other construction activities at the Eighty-Seven Park property that impacted the Building and caused it to become weakened and dangerous, creating a hazard to the public and the Building, including the Decedent.

63.     Furthermore, Defendant, 8701 COLLINS DEVELOPMENT, LLC., improperly obtained the right to build higher than originally entitled, bought a public street that is just a few feet from the Building's foundation, sloped a foot path causing water to pour into the Building, which corroded the structural supports of the Building, and used large tractor cranes to drive 40-foot sheet piles into the ground only about 10 feet away from the Building's south foundation wall.

64.     On various occasions during 2016, 2017, 2018, 2019 and thereafter, the Defendant, 8701 COLLINS DEVELOPMENT, LLC., was made aware that its construction

activities were a danger to the structures surrounding the Eighty-Seven Park, including the Building.

65.     Defendant, 8701 COLLINS DEVELOPMENT, LLC., failed to properly conduct the development and construction activities of the Eighty-Seven Park and to protect the Building during the construction and failed to comply with the applicable rules, codes and regulations.

66.     Defendant, 8701 COLLINS DEVELOPMENT, LLC., failed to follow and abide by accepted industry standards and guidelines by not conducting their development and construction activities of the Eighty-Seven Park in a safely manner and by not preventing damage to the Building.

67.     At all material hereto times, Defendant, 8701 COLLINS DEVELOPMENT, LLC., knew, or should have known, that the construction activities that took place on the Eighty-Seven Park were done in such a manner as to likely cause damage to the structural foundation of the Building.

68.     Defendant, 8701 COLLINS DEVELOPMENT, LLC., knew or should have known that had it followed the applicable rules, codes, regulations, and industry standards it would not have caused damage to the structural foundation of the Building.

69.     The construction activities on the Eighty-Seven Park were performed by the Defendant, 8701 COLLINS DEVELOPMENT, LLC., in a negligent and haphazard manner without regard for the safety and protection of the public, including the Decedent.

70.     Due to the nature of the dangers potentially associated with this type of work, the Defendant, 8701 COLLINS DEVELOPMENT, LLC., and its workers, servants, agents, and employees knew or should have known that the Building next to where it was performing the construction was being inhabited by its residents. Nevertheless, the Defendant, 8701 COLLINS

DEVELOPMENT, LLC., negligently, carelessly, and intentionally failed or refused to take the appropriate or reasonable precautions generally recognized to protect the public and their property in general, and the Decedent in particular, from the hazards of such work.

71.     The Defendant's, 8701 COLLINS DEVELOPMENT, LLC., activities did, in fact, constitute a known and dangerous condition to the Decedent, by creating severe and significant instability in the foundation and structure of the Building, and as a result, the Building partially collapsed.

72.     Defendant, 8701 COLLINS DEVELOPMENT, LLC., through its agents and/or employees, breached its duty to exercise reasonable care and acted in a negligent manner by creating and allowing a hazardous and dangerous condition to exist at the Building that resulted from Defendant's, 8701 COLLINS DEVELOPMENT, LLC., conduct on the Eighty-Seven Park property; in failing to repair the defective condition created by Defendant's conduct on the Eighty-Seven Park Property and in failing to warn the public and the Decedent of the need to evacuate the Building and or of its imminent collapse.

73.     As a foreseeable and proximate result of the Defendant's, 8701 COLLINS DEVELOPMENT, LLC., negligence and reckless disregard for human life, safety and property in this matter, the subject building collapsed, causing the Decedent to sustain injuries resulting in his death.

**WHEREFORE**, for the foregoing reasons, the Plaintiff demands judgment against Defendant 8701 COLLINS DEVELOPMENT, LLC for damages, including but not limited to pain and suffering, funeral expenses, loss of earnings, loss of prospective net accumulations, costs and such further relief as the Court deems just and proper.

<u>COUNT IV: NEGLIGENCE AGAINST</u>
<u>JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.</u>

16

74. Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth herein.

75. At all relevant times, Defendant, JOHN MORIARTY & ASSOCIATES, its agents, servants, or employees, were engaged in providing general contracting services for the construction of Eighty-Seven Park located next door to the Building.

76. Defendant, JOHN MORIARTY & ASSOCIATES, had a duty to incorporate therein nationally recognized safety standards and practices; to follow and incorporate therein the terms and provisions of the applicable building codes; to make a design, plan and specification which would not produce harm, injury or death to the public and the Building's residents, including the Decedent, and to perform its services in a safe manner.

77. This duty included providing accurate information regarding the dangerous conditions and potential safety risks that existed at the Building as a result of the Eighty-Seven Park construction, including recommending safety measures and timely evacuation of the Building so that conditions created by the construction of Eighty-Seven Park did not create a danger to the Building's residents and their property, including Decedent.

78. At all times material hereto, Defendant, JOHN MORIARTY & ASSOCIATES, knew, or in the exercise of reasonable care should have known that Eighty-Seven Park construction would damage the Building's foundation.

79. At all times material hereto, Defendant, JOHN MORIARTY & ASSOCIATES, knew, or in the exercise of reasonable care should have known that that as a result of the Eighty-Seven Park construction, the Building was in a defective, weakened, and dangerous condition.

80. Specifically, due to the nature of the dangers potentially associated with this type of work, the Defendant, JOHN MORIARTY & ASSOCIATES, and its workers, servants, agents,

and employees knew or should have known that the Building next to where they were performing their services was being inhabited by its residents.

81.     Defendant, JOHN MORIARTY& ASSOCIATES, negligently, carelessly, and intentionally failed or refused to take the appropriate or reasonable precautions generally recognized to protect the public and their property in general, and the Decedent, from the dangers they created.

82.     Defendant, JOHN MORIARTY& ASSOCIATES, through its agents and/or employees, breached its duty to exercise reasonable care and acted in a negligent manner by creating and allowing a hazardous and dangerous condition to exist at the Building that resulted from Defendant's conduct on the Eighty-Seven Park property; in failing to repair the defective condition created by Defendant's conduct on the Eighty-Seven Park Property; and in failing to warn the public and the Decedent of the need to evacuate the Champlain Towers South building and or of its imminent collapse.

83.     Defendant, JOHN MORIARTY& ASSOCIATES, further failed to appreciate the hazardous and dangerous conditions the Eighty-Seven Park construction created at the Building, failed to communicate the urgency of such conditions and the danger of its impending collapse, and to recommend appropriate measures including immediate repair and evacuation of the Building

84.     As a foreseeable and proximate result of the Defendant's, JOHN MORIARTY& ASSOCIATES, negligence and reckless disregard for human life, safety and property in this matter, Decedent sustained injuries resulting in his death.

                **WHEREFORE,** for the foregoing reasons, the Plaintiff demands judgment against Defendant, JOHN MORIARTY OF FLORIDA, INC., for damages, including but not

limited to pain and suffering, funeral expenses, loss of earnings, loss of prospective net accumulations, costs and such further relief as the Court deems just and proper.

## COUNT VI: NEGLIGENCE AGAINST
## NV5, INC. and NV5 GLOBAL, INC.

85.     Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth herein.

86.     At all relevant times, Defendants, NV5, INC. and NV5 GLOBAL, INC., their agents, servants, or employees, were engaged in providing geotechnical engineering services for the construction of Eighty-Seven Park located next door to the Building.

87.     Defendants, NV5, INC. and NV5 GLOBAL, INC.,  had a duty to incorporate therein nationally recognized safety standards and practices; to follow and incorporate therein the terms and provisions of the applicable building codes; to make a design, plan and specification which would not produce harm, injury or death to the public and the Building's residents, including the Decedent, and to perform their services in a safe manner.

88.     This duty included providing accurate information regarding the dangerous conditions and potential safety risks that existed at the Building as a result of the Eighty-Seven Park construction, including recommending safety measures and timely evacuation of the Building so that conditions created by the construction of Eighty-Seven Park did not create a danger to the Building's residents and their property, including Decedent.

89.     At all times material hereto, Defendants, NV5, INC. and NV5 GLOBAL, INC., knew, or in the exercise of reasonable care should have known that Eighty-Seven Park construction would damage the Building's foundation.

90.     At all times material hereto, Defendants, NV5, INC. and NV5 GLOBAL, INC., knew, or in the exercise of reasonable care should have known that that as a result of the Eighty-

Seven Park construction, the Building was in a defective, weakened, and dangerous condition.

91.     Specifically, due to the nature of the dangers potentially associated with this type of work, the Defendants and their workers, servants, agents, and employees knew or should have known that the Building next to where they were performing their services was being inhabited by its residents.

92.     Defendants, NV5, INC. and NV5 GLOBAL, INC., negligently, carelessly, and intentionally failed or refused to take the appropriate or reasonable precautions generally recognized to protect the public and their property in general, and the Decedent, from the dangers they created.

93.     Defendants, NV5, INC. and NV5 GLOBAL, INC., through their agents and/or employees, breached its duty to exercise reasonable care and acted in a negligent manner by creating and allowing a hazardous and dangerous condition to exist at the Building that resulted from Defendant's conduct on the Eighty-Seven Park property; in failing to repair the defective condition created by Defendant's conduct on the Eighty-Seven Park Property; and in failing to warn the public and the Decedent of the need to evacuate the Building and or of its imminent collapse.

94.     Defendants, NV5, INC. and NV5 GLOBAL, INC., further failed to appreciate the hazardous and dangerous conditions the Eighty-Seven Park construction created at the Building, communicate the urgency of such conditions and the danger of its impending collapse, and recommend appropriate measures including immediate repair and evacuation of the Building

95.     As a foreseeable and proximate result of the Defendants', NV5, INC. and NV5 GLOBAL, INC., negligence and reckless disregard for human life, safety and property in this matter, the Decedent sustained injuries resulting in his death.

**WHEREFORE,** for the foregoing reasons, the Plaintiff demands judgment against Defendants NV5, INC. AND NV5 GLOBAL INC. for damages, including but not limited to pain and suffering, funeral expenses, loss of earnings, loss of prospective net accumulations, costs and such further relief as the Court deems just and proper.

## COUNT VI: NEGLIGENCE AGAINST
## BIZZI & PARTNERS DEVELOPMENT, LLC.

96.     Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth herein.

97.     Upon information and belief, Defendant, BIZZI & PARTNERS, owned and/operated, managed, supervised and/or developed a construction project known as "Eighty-Seven Park", located at 8701 Collins Ave, Surfside Florida, 33154. Eighty-Seven Park is directly next door to the Building.

98.     At all times material hereto, Defendant, BIZZI & PARTNERS, owed a duty to Decedent and the general public to perform their activities in a reasonably safe manner that did not harm or endanger the Decedent's person or property.

99.     Upon information and belief, in the course of the Eighty-Seven Park construction and/or development, Defendant, BIZZI & PARTNERS, made various excavations in the above-described area abutting the premises of the Decedent.

100.    Upon information and belief, in the course of the aforesaid work, the Defendant, BIZZI & PARTNERS, excavated beneath the Eighty-Seven Park property and impacted the Building to become weakened and dangerous, creating a hazard to the public and their property, including the Decedent.

101.    Defendant, BIZZI & PARTNERS, sloped a foot path causing water to pour into the Building, which corroded the structural supports of the Building, and used large tractor cranes to

drive 40-foot sheet piles into the ground only about 10 feet away from the Building's south foundation wall.

102.    Upon information and belief, on various occasions during 2016, 2017, 2018, 2019 and thereafter, the Defendant, BIZZI & PARTNERS, was made aware that their construction activities were a danger to the structures surrounding the Eighty-Seven Park, including the Building.

103.    Upon information and belief, the Defendant, BIZZI & PARTNERS, failed to properly conduct the development and construction activities of the Eighty-Seven Park and to protect the Building during the construction and failed to comply with the applicable rules, codes and regulations.

104.    Upon information and belief, the Defendant, BIZZI & PARTNERS, failed to follow and abide by accepted industry standards and guidelines by not conducting their development and construction activities of the Eighty-Seven Park in a safely manner and by not preventing damage to the Building.

105.    At all material hereto times, Defendant, BIZZI & PARTNERS, knew, or should have known, that the construction activities that took place on the Eighty-Seven Park were done in such a manner as to likely cause damage to the structural foundation of the Building.

106.    Defendant, BIZZI & PARTNERS, knew or should have known that had it followed the applicable rules, codes, regulations and industry standards it would have reduced the likelihood of causing damage the structural foundation of the Building.

107.    The construction activities on the Eighty-Seven Park were performed by the Defendant, BIZZI & PARTNERS, in a negligent and haphazard manner without regard for the safety and protection of the public, including the Decedent.

22

108.   Due to the nature of the dangers potentially associated with this type of work, the Defendant, BIZZI & PARTNERS, and its workers, servants, agents, and employees knew or should have known that the Building next to where they were performing the construction was being inhabited by its residents. Nevertheless, the Defendant, BIZZI & PARTNERS, negligently, carelessly, and intentionally failed or refused to take the appropriate or reasonable precautions generally recognized to protect the public and their property in general, including the Decedent in particular, from the hazards of such work.

109.   The Defendant's, BIZZI & PARTNERS, activities did, in fact, constitute a known and dangerous condition to the Decedent, by creating severe and significant instability in the foundation and structure of the Building, and as a result, the Building partially collapsed.

110.   Defendant, BIZZI & PARTNERS, through its agents and/or employees, breached its duty to exercise reasonable care and acted in a negligent manner by creating and allowing a hazardous and dangerous condition to exist at the Building that resulted from Defendant's conduct on the Eighty-Seven Park property; in failing to repair the defective condition created by Defendant's conduct on the Eighty-Seven Park Property; and in failing to warn the public and the Decedent of the need to evacuate the Building and or of its imminent collapse.

111.   The Defendant, BIZZI & PARTNERS, was also negligent, in that a contractor engaged in work of this nature, scope, and type is at all times required to institute and maintain safety precautions of a type and nature sufficient and necessary to safeguard all persons affected by the contractor's operations.

112.   As a foreseeable and proximate result of the Defendant's, BIZZI & PARTNERS, negligence and reckless disregard for human life, safety and property in this matter, the Building collapsed, causing the Decedent to sustain injuries resulting in his death.

23

**WHEREFORE,** for the foregoing reasons, the Plaintiff demands judgment against Defendant BIZZI & PARTNERS DEVELOPMENT, LLC for damages, including but not limited to pain and suffering, funeral expenses, loss of earnings, loss of prospective net accumulations, costs and such further relief as the Court deems just and proper.

## COUNT VII: NEGLIGENCE AGAINST
## TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC.

113.    Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth herein.

114.    Upon information and belief, Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, owned and/operated, managed, supervised and/or developed a construction project known as "Eighty-Seven Park", located at 8701 Collins Ave, Surfside Florida, 33154. Eighty-Seven Park is directly next door to Champlain Towers South.

115.    At all times material hereto, Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, owed a duty to Decedent and the general public to perform their activities in a reasonably safe manner that did not harm or endanger the Decedent's person or property.

116.    Upon information and belief, in the course of their aforesaid construction and/or development, the Defendant, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, made various excavations in the above-described area abutting the Building and impacted the foundation of the Building.

117.    Upon information and belief, in the course of the aforesaid work, the Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, excavated beneath and dangerously conducted other construction activities at the Eighty-Seven Park property and impacted the Building to become weakened and dangerous, creating a hazard to the public and

24

their property, including the Decedent.

118.     Furthermore, Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, improperly obtained the right to build higher than originally entitled, bought a public street that is just a few feet from the Building's foundation, sloped a foot path causing water to pour into the Building, which corroded the structural supports of the Building, and used large tractor cranes to drive 40-foot sheet piles into the ground only about 10 feet away from the Building's south foundation wall.

119.     On various occasions during 2016, 2017, 2018, 2019 and thereafter, the Defendant, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, were made aware that their construction activities were a danger to the structures surrounding the Eighty-Seven Park, including the Building.

120.     Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, failed to properly conduct the development and construction activities of the Eighty-Seven Park and to protect the Building during the construction and failed to comply with the applicable rules, codes and regulations.

121.     Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, failed to follow and abide by accepted industry standards and guidelines by not conducting their development and construction activities of the Eighty-Seven Park in a safely manner and by not preventing damage to the Building.

122.     At all material hereto times, Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, knew, or should have known, that the construction activities that took place on the Eighty-Seven Park were done in such a manner as to likely cause damage to the structural foundation of the Building.

123.   Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, knew or should have known that had it followed the applicable rules, codes, regulations and industry standards it would have reduced the likelihood of causing damage the structural foundation of the Building.

124.   The construction activities on the Eighty-Seven Park were performed by the Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, in a negligent and haphazard manner without regard for the safety and protection of the public, including the Decedent.

125.   Due to the nature of the dangers potentially associated with this type of work, the Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, and their workers, servants, agents, and employees knew or should have known that the Building next to where they were performing the constructions was being inhabited by its residents. Nevertheless, the Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, negligently, carelessly, and intentionally failed or refused to take the appropriate or reasonable precautions generally recognized to protect the public and their property in general, including the Decedent in particular, from the hazards of such work.

126.   The Defendants', TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, activities did, in fact, constitute a known and dangerous condition to the Decedent, by creating severe and significant instability in the foundation and structure of the Building, and as a result, the Building partially collapsed.

127.   Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, through their agents and/or employees, breached their duty to exercise reasonable care and acted in a negligent manner by creating and allowing a hazardous and dangerous condition to exist

at the Building that resulted from Defendants', TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, conduct on the Eighty-Seven Park property; in failing to repair the defective condition created by Defendants', TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, conduct on the Eighty-Seven Park Property; and in failing to warn the public and the Decedent of the need to evacuate the Building and or of its imminent collapse.

128.   The Defendants, TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, were also negligent, in that at all times they were required to institute and maintain safety precautions of a type and nature sufficient and necessary to safeguard all persons affected by the operations, development and construction.

129.   As a foreseeable and proximate result of the Defendants', TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, negligence and reckless disregard for human life, safety and property in this matter, the Building collapsed, causing the Decedent to sustain injuries resulting in his death.

**WHEREFORE,** for the foregoing reasons, the Plaintiff demands judgment against Defendants TERRA GROUP, LLC and TERRA WORLD INVESTMENTS, LLC, for damages, including but not limited to pain and suffering, funeral expenses, loss of earnings, loss of prospective net accumulations, costs and such further relief as the Court deems just and proper.

<u>**COUNT VIII: NEGLIGENCE AGAINST**</u>
<u>**DESIMONE CONSULTING ENGINEERS, LLC.**</u>

130.   Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth herein.

131.   Defendant, DESIMONE CONSULTING ENGINEERS, LLC., was the structural engineer that operated, managed, supervised and/or developed a construction project known as

27

"Eighty-Seven Park", located at 8701 Collins Ave, Surfside Florida, 33154. Eighty-Seven Park is directly next door to the Building.

132.   At all times material hereto, Defendant, DESIMONE CONSULTING ENGINEERS, LLC., owed a duty to Decedent and the general public to perform their activities in a reasonably safe manner that did not harm or endanger the Decedent's person or property.

133.   Upon information and belief, in the course of their aforesaid construction and/or development, the Defendant, DESIMONE CONSULTING ENGINEERS, LLC., permitted various dangerous excavations in the above-described area abutting the premises of the Decedent.

134.   Upon information and belief, in the course of the aforesaid work, the Defendant, DESIMONE CONSULTING ENGINEERS, LLC.,  permitted dangerous excavations beneath and dangerously conducted other construction activities at the Eighty-Seven Park property that impacted the Building and caused it to become weakened and dangerous, creating a hazard to the public and their property, including the Decedent.

135.   On various occasions during 2016, 2017, 2018, 2019 and thereafter, the Defendant, DESIMONE CONSULTING ENGINEERS, LLC., was made aware that the construction activities were a danger to the structures surrounding the Eighty-Seven Park, including the Building.

136.   Defendant, DESIMONE CONSULTING ENGINEERS, LLC., failed to properly conduct the development and construction activities of the Eighty-Seven Park  and to protect the Building during the construction and failed to comply with the applicable rules, codes and regulations.

137.   Defendant, DESIMONE CONSULTING ENGINEERS, LLC., failed to follow and abide by accepted industry standards and guidelines by not conducting their development and

28

construction activities of the Eighty-Seven Park in a safely manner and by not preventing damage to the Building.

138.    At all material hereto times, Defendant, DESIMONE CONSULTING ENGINEERS, LLC., knew, or should have known, that the construction activities that took place on the Eighty-Seven Park were done in such a manner as to likely cause damage to the structural foundation of the Building.

139.    Defendant, DESIMONE CONSULTING ENGINEERS, LLC., knew or should have known that had it followed the applicable rules, codes, regulations and industry standards it would have reduced the likelihood of causing damage the structural foundation of the Building.

140.    The construction activities on the Eighty-Seven Park were performed in a negligent and haphazard manner by the Defendant, DESIMONE CONSULTING ENGINEERS, LLC., without regard for the safety and protection of the public, including the Decedent.

141.    Due to the nature of the dangers potentially associated with this type of work, the Defendant, DESIMONE CONSULTING ENGINEERS, LLC., and its workers, servants, agents, and employees knew or should have known that the Building next to where they were performing the constructions was being inhabited by its residents. Nevertheless, the Defendant, DESIMONE CONSULTING ENGINEERS, LLC., negligently, carelessly, and intentionally failed or refused to take the appropriate or reasonable precautions generally recognized to protect the public and their property in general, including the Decedent in particular, from the hazards of such work.

142.    The Defendant's, DESIMONE CONSULTING ENGINEERS, LLC., activities did, in fact, constitute a known and dangerous condition to the Decedent, by creating severe and significant instability in the foundation and structure of the Building, and as a result, the Building partially collapsed.

29

143.   On the above-mentioned date and place, Defendant, DESIMONE CONSULTING ENGINEERS, LLC.,   through its agents and/or employees, breached its duty to exercise reasonable care and acted in a negligent manner by creating and allowing a hazardous and dangerous condition to exist at the Building that resulted from Defendant's, DESIMONE CONSULTING ENGINEERS, LLC.,   conduct on the Eighty-Seven Park property; in failing to repair the defective condition created by Defendant's, DESIMONE CONSULTING ENGINEERS, LLC., conduct on the Eighty-Seven Park Property; and in failing to warn the public and the Decedent of the need to evacuate the Building and or of its imminent collapse.

144.   The Defendant, DESIMONE CONSULTING ENGINEERS, LLC., was also negligent, in that a contractor engaged in work of this nature, scope, and type is at all times required to institute and maintain safety precautions of a type and nature sufficient and necessary to safeguard all persons affected by the contractor's operations.

145.   As a foreseeable and proximate result of Defendant's, DESIMONE CONSULTING ENGINEERS, LLC., negligence and reckless disregard for human life, safety and property in this matter, the Building collapsed, causing the Decedent to sustain injuries resulting in his death.

**WHEREFORE,** for the foregoing reasons, the Plaintiff demands judgment against Defendant DESIMONE CONSULTING ENGINEERS, LLC. for damages, including but not limited to pain and suffering, funeral expenses, loss of earnings, loss of prospective net accumulations, costs and such further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

30

DATED: December 17, 2021

VELASQUEZ DOLAN, P.A.
*Counsel for Plaintiff*
101 N. Pine Island Road, Suite 201
Plantation, Florida 33324
Telephone: (954) 382-0533
Facsimile: (954)382-0585


By: */s/ Carlos A. Velasquez*_____
    CARLOS A. VELASQUEZ, ESQ.
    Florida Bar No.: 755982
    CVelasquez@VDLawyers.com
    Andrea@VDLawyers.com