# EXHIBIT 24

**Certification**

DANIEL CONWAY, being of full age, duly certifies as follows:

1. I am the Chief Underwriting Officer of Starr Surplus Lines Insurance Company, a Texas Corporation.

2. I certify that to the best of my knowledge, the attached Excess Liability Policy and the attached endorsements, are true, complete and accurate copies for the following insured:

Named Insured:     JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

Address:     1942 Tyler Street
             Hollywood, FL 33020

Policy Number:     1000015609

Policy Period:     09/01/2017-04/01/2020

Policy Type:     Excess Liability Policy

DocuSigned by:

_____
D819F52D843E497...
Daniel Conway

Dated:   September    , 2021    01 October 2021
         New York, New York

DocuSigned by:

*Rashida Wilson*
4E5C56ADEC7A4C4...



DocuSigned by:

Rashida Denise Wilson
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01WI6341871
Qualified in New York County
Commission Expires 05-16-2024

6 0 2 0 2 1 0 6 2 8 0 3 8 8 2 6

Subject: 4A21065G778-0001~~ Starr excess policy
From: Mahoney, Joseph <Joseph.Mahoney@Sedgwick.com>
To: ACS Dropfile Claim Correspondence <Dropfileclaimcorrespondence@acssedgwickcms.com>
Date and Time: 6/28/2021 4:40:36 PM
CC:

---

Any personal data acquired, processed or shared by us will be lawfully processed in line with applicable data protection legislation. If you have any questions regarding how we process personal data refer to our Privacy Notice https://www.sedgwick.com/global-privacy-policy. Any communication including this email and files/attachments transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. If this message has been sent to you in error, you must not copy, distribute or disclose of the information it contains and you must notify us immediately (contact is within the privacy policy) and delete the message from your system.

# EXCESS LIABILITY DECLARATIONS

# Starr Surplus Lines Insurance Company

Chicago, IL

Administrative Office: 399 Park Avenue, 8th Floor, New York, NY 10022

**POLICY NUMBER:**  1000015609                    **RENEWAL OF:**  NEW

**PRODUCER NAME:**  AmWINS Brokerage of New York

**ADDRESS:**  Wall Street Plaza; 88 Pine St. 6th Floor
New York, NY 10005

**ITEM 1.**      **NAMED INSURED:**  JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

**ADDRESS:**  1942 Tyler Street
Hollywood, FL 33020

**ITEM 2:**    **POLICY PERIOD: FROM**    09/01/2017    **TO**    03/01/2020

12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED SHOWN ABOVE.

**ITEM 3.**      **COVERAGE:**  Commercial Excess Liability

**ITEM 4.**    **LIMITS OF INSURANCE:**

The Limits of Insurance, subject to all the terms of this Policy, are:

| | | |
|---|---|---|
| **A.** | $25,000,000 | Each Occurrence |
| **B.** | $25,000,000 | Other Aggregate(s), Where Applicable |
| **C.** | $25,000,000 | Products-Completed Operations Aggregate |

**ITEM 5.**    **"UNDERLYING INSURANCE"**

**A. First Underlying Insurance Policy(ies)**

| Insurer | Policy No. | Policy Period |
|---|---|---|
| See attached Schedule of Underlying Insurance | | |

**B. Additional Underlying Insurance Policy(ies)**

| Insurer | Policy No. | Policy Period |
|---|---|---|

**ITEM 6.**    **POLICY PREMIUM:**

| Advance Premium | Minimum Premium | Minimum Earned Premium |
|---|---|---|
| REDACTED | N/A | $0 |

| Estimated Exposure | Rate Per | Audit Period |
|---|---|---|
| N/A | N/A | N/A |

SL - 101 - D (10/08)                                                                Page 1 of 3

Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

**ITEM 7.** **NOTICES**
In the event of an accident, occurrence, wrongful act, claim or suit, that is reasonably likely to involve this Policy, send all pertinent facts to:

Send all Excess Casualty Loss Notices to:
York Risk Services Group, Inc
Attn. OSC
P.O. Box 183188
Columbus, OH 43218-3188
4869excessclaims@yorkrsg.com
Fax: 866-695-3651
**After hours emergency service call:**
(866) 391-9675

**ITEM 8.** **ENDORSEMENTS ATTACHED:**

| Title | Form Number |
|---|---|
| Excess Liability Declarations | SL 101 D 10 08 |
| Excess Liability Policy Schedule Of Underlying Insurance | SL 102 10 08 |
| Excess Liability Policy Form | SL 100 10 08 |
| Service of Suit Endorsement (All States Except CA, IL, DE) | SL 704 08 10 |
| Florida Changes - Cancellation And Nonrenewal | SL 301 FL 04 09 |
| Florida Changes - Coverage Territory | SL 366 FL 04 09 |
| Other Insurance - Primary and Noncontributory for Additional Insured | SL 373 04 11 |
| Defense Condition Amendment | SL 143 10 08 |
| Waiver Of Transfer Of Rights Of Recovery Against Others To Us | SL 233 10 08 |
| Continuing Or Progressively Deteriorating Damages Endorsement | SL 134 10 08 |
| Anti-Stacking Endorsement | SL 107 04 11 |
| Limitation Of Coverage To Designated Premises Or Project | SL 175 10 08 |
| EIFS Exclusion | SL 149 10 08 |
| Cap On Losses From Certified Acts Of Terrorism | SL 342 01 15 |
| Certified Acts Of Terrorism Coverage Excess Of Retained Amount With Cap On Losses | SL 343 01 15 |
| Disclosure Pursuant To Terrorism Risk Insurance Act | SL 344 01 15 |
| Starr Excess Liability Program Claim Reporting Form | SL CLAIMS NOTICE |
| Extended Completed Operations Amendatory Endorsement | Manuscript |
| Starr Excess Liability Program Claim Reporting Form | SL CLAIMS NOTICE |

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

The foregoing discloses all hazards insured hereunder known to exist at the inception date of this Policy, unless otherwise stated herein by endorsement on this Policy.

COUNTERSIGNED _____10/10/2017_____   BY _____
                              DATE                                AUTHORIZED REPRESENTATIVE

**SL - 101 - D (10/08)**                                                                          Page **3** of **3**
Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

 **Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

# Excess Liability Policy
## Schedule of Underlying Insurance

| | |
|---|---|
| **Policy Number:**  1000015609 | **Effective Date:**  09/01/2017 at 12:01 A.M. |
| **Named Insured:**  JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC. | **Issuing Company:**   **Starr Surplus Lines Insurance Company** |

The Declarations, Schedule(s), and all terms and conditions complete this insurance Policy.

**Type of Policy or Coverage**
**and**
**Insurer, Policy Number and Policy Period**                          **Limits of Insurance**

**A. First Underlying Insurance Policy(ies)**

| | | | |
|---|---|---|---|
| Carrier: | Gemini Insurance Company | | |
| Policy No.: | CEX09602849-00 | | |
| | | Limits: | |
| Coverage: | EXCESS | $10,000,000 | Each Occurrence Limit |
| Policy Period: | 09/01/2017 to 03/01/2020 | $10,000,000 | Aggregate Limit |

**B. Additional Underlying Insurance Policy(ies)**

| | | |
|---|---|---|
| Carrier: | Aspen Specialty Insurance Company | |
| Policy No.: | CR006N817 | |
| | | Limits: |

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

6-28-2021                                    4A21065G7780001                                    6020210628038826

 **Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

| | | | |
|---|---|---|---|
| Coverage: | GENERAL LIABILITY | $1,000,000 | Each Occurrence Limit |
| Policy Period: | 09/01/2017 to 03/01/2020 | $2,000,000 | General Aggregate Limit |
| | | $2,000,000 | Products/Comp. Ops. Aggregate Limit |
| Carrier: | Aspen Specialty Insurance Company | | |
| Policy No.: | CX006MW17 | | |
| | | Limits: | |
| Coverage: | EXCESS | $5,000,000 | Each Occurrence Limit |
| Policy Period: | 09/01/2017 to 03/01/2020 | $5,000,000 | Aggregate Limit |
| Carrier: | Navigators Specialty Insurance Company | | |
| Policy No.: | NY17FXS905191IC | | |
| | | Limits: | |
| Coverage: | EXCESS | $10,000,000 | Each Occurrence Limit |
| Policy Period: | 09/01/2017 to 03/01/2020 | $10,000,000 | Aggregate Limit |

COUNTERSIGNED _____10/10/2017_____   BY _____
                              DATE                              AUTHORIZED REPRESENTATIVE

**SL - 102 (10/08)**                                                                 Page **2** of 2

Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

# Starr Surplus Lines Insurance Company

Chicago, IL 1-646-227-6300
Administrative Office: 399 Park Avenue, 8th Floor, New York, NY 10022

**Excess Liability Policy**

**Named Insured:**   JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

**Policy Number:**   1000015609

**Effective Date:**   09/01/2017 at 12:01 A.M.

This Policy is a legal contract between the Named Insured and Starr Surplus Lines Insurance Company (herein referenced as "the Company"). The Company agrees to provide insurance to the Named Insured, in exchange for the payment of the required premium. Coverage is subject to the terms and conditions described in this Policy.

This Policy and the coverage provided by it become effective at 12:01 A.M. at the address of the Named Insured on the Policy Effective Date shown above. It continues in effect in accordance with the provisions set forth in this Policy.

This Policy is governed by the laws of the state where it was delivered.

Signed for the Company as of the Effective Date above:

_____
Charles H. Dangelo, President

_____
Nehemiah E. Ginsburg, General Counsel

**SL - 100 (10/08)**                                                                                       **Page 1 of 10**
**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

## TABLE OF CONTENTS

**Title**                                                                 **Page**

**SECTION I. COVERAGE**…......……………………………….…………………….. **[3]**

**SECTION II. LIMITS OF INSURANCE**……………………….……………….…………... **[3]**

**SECTION III. DEFINITIONS**…………………….…………………….…………………..…. **[4]**

**SECTION IV. CONDITIONS**…………………………………………………………….. **[5]**

**SECTION V. EXCLUSIONS**…………………………………....……………...……… **[8]**

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**
6-28-2021                              4A21065G7780001                              6020210628038826

# EXCESS LIABILITY POLICY FORM

Various provisions in this Policy restrict coverage.  Read the entire Policy carefully to determine rights, duties and what is and is not covered.

Throughout this Policy, the words you and your refer to the Named Insured as shown in **ITEM 1.** of the Declarations. The words we, us and our refer to the Company shown in the Declaration providing this insurance.

The word Insured means the Named Insured and any person or organization qualifying as an Insured in the First Underlying Insurance Policy(ies), but only to the extent to which such person(s) or organization(s) qualify as an Insured in the First Underlying Insurance Policy(ies) at the inception date of this Policy. Newly acquired or formed organizations must comply with **SECTION IV. CONDITIONS, D. Changes** in order to qualify for coverage.

Words and phrases that appear in quotation marks have special meaning. Refer to **SECTION III. DEFINITIONS**, or to the specific section, of this Policy where such words appear.

## SECTION I. COVERAGE

**A.**    We will pay on behalf of the Insured, the "Ultimate Net Loss" in excess of the "Underlying Insurance" as shown in **ITEM 5.** of the Declarations, that the Insured becomes legally obligated to pay for loss or damage to which this insurance applies and that takes place in the Coverage Territory. Except for the terms, definitions, conditions and exclusions of this Policy, the coverage provided by this Policy shall follow the terms, definitions, conditions and exclusions of the applicable First Underlying Insurance Policy(ies) shown in **ITEM 5.A.** of the Declarations.

**B.**    Regardless of any other warranties, terms, conditions, exclusions or limitations of this Policy, if any applicable Underlying Insurance Policy(ies) does not cover "Ultimate Net Loss" for reasons other than exhaustion of its limit of liability by payment of claims or suits, then this Policy will not cover such "Ultimate Net Loss".

**C.**    The amount we will pay for the "Ultimate Net Loss" is limited as described in **SECTION II. LIMITS OF INSURANCE.**

## SECTION II. LIMITS OF INSURANCE

**A.**    The Limits of Insurance shown in the Declarations and the rules below describe the most we will pay regardless of the number of:

   **1.**   Insureds;
   **2.**   Claims made or suits brought; or
   **3.**   Persons or organizations making claims or bringing suits.

**B.**    The Limits of Insurance of this Policy will apply as follows:

   **1.**   This Policy applies only in excess of the "Underlying Insurance" scheduled in **ITEM 5.** of the Declarations.

   **2.**   If our Limits of Insurance stated in **ITEM 4.** of the Declarations are less than the total Limits of Insurance stated in **ITEM 4.** of the Declarations, then our Limits of Insurance shall be that proportion of the "Ultimate Net Loss" to which our Limits of Insurance apply to the total Limits of Insurance stated in **ITEM 4.** of the Declarations and apply only in excess of the total Limits of "Underlying Insurance" scheduled in **ITEM 5.** of the Declarations.

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

6-28-2021                                              4A21065G7780001                                              6020210628038826

3.  Subject to Paragraph **B.2.** above, the Each Occurrence limit stated in **ITEM 4.A.** of the Declarations is the most we will pay for the "Ultimate Net Loss" for loss or damages arising out of any one occurrence to which this insurance applies.

4.  Subject to Paragraphs **B.2.** and **B.3.** above, the limit stated in **Item 4.C.** of the Declarations for the Products-Completed Operations Aggregate is the most we will pay for all "Ultimate Net Loss" under the products-completed operations hazard.

5.  Subject to Paragraphs **B.2.** and **B.3.** above, the Other Aggregate Limit stated in Item **4.B.** of the Declarations is the most we will pay for all "Ultimate Net Loss" except "Ultimate Net Loss" covered under the products-completed operations hazard, that is subject to an aggregate limit provided by the First Underlying Insurance Policy(ies). The Other Aggregate Limit stated in **ITEM 4.B.** applies separately and in the same manner as the aggregate limits provided by the First Underlying Insurance Policy(ies).

6.  Subject to Paragraphs **B.2., B.3., B.4.** and **B.5.** above, if the total applicable Limits of Insurance of "Underlying Insurance" scheduled in **ITEM 5.** of the Declarations are:

    a.  Exhausted by payment of "Ultimate Net Loss" arising solely out of a claim first made, or occurrence(s) which first took place, during the Policy Period shown in the Declarations and would be covered under the provisions of this Policy, this insurance applies in excess of such exhausted limit(s); or

    b.  Reduced or exhausted by payment of "Ultimate Net Loss" arising out of a claim which was not first made during the Policy Period shown in the Declarations, or occurrence(s) which took place before or after the Policy Period shown in the Declarations or would not be covered under the provisions of this Policy, this insurance applies as if such payments had not been made.

7.  The Limits of Insurance shown in **ITEM 4**. of the Declarations apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the Policy Period shown in the Declarations, unless the Policy Period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the preceding period for purposes of determining the Limits of Insurance.

## SECTION III. DEFINITIONS

A.  "Ultimate Net Loss"

"Ultimate Net Loss" means the total sum, after reduction for all recoveries including other valid and collectible insurance, excepting only the "Underlying Insurance" scheduled under **ITEM 5.** of the Declarations, actually paid or payable due to a claim or suit for which you or an Insured are liable either by a settlement to which we agreed or a final judgment.

The term "Ultimate Net Loss" shall also include defense costs when such defense costs are included within the limits of insurance of any applicable "Underlying Insurance".

B.  "Underlying Insurance"

"Underlying Insurance" means the Policy(ies) and/or self-insured retention identified in **ITEM 5.** of the Declarations. "Underlying Insurance" shall include:

1.  The First Underlying Insurance Policy(ies) scheduled in **ITEM 5.A.** of the Declarations;

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

**2.** Any Additional Underlying Insurance Policy(ies) scheduled in **ITEM 5.B.** of the Declarations; and

**3.** Any renewal or replacement of such Policy(ies).

## SECTION IV. CONDITIONS

**A.    Appeals**

If the Insured or underlying insurer elects not to appeal a judgment or award in excess of the limits of the "Underlying Insurance," we may do so at our expense. We will not be liable for any judgment or award that exceeds the Limits of Insurance stated in **ITEM 4**. of the Declarations.

**B.    Bankruptcy or Insolvency**

Your or an Insured's bankruptcy, insolvency or inability to pay will not relieve us from our obligations under this Policy.

In the event of bankruptcy, insolvency or refusal or inability to pay, of any underlying insurer or insurer providing other insurance, the insurance afforded by this Policy will not drop down or replace such "Underlying Insurance" or other insurance, but will apply as if all limits of any "Underlying Insurance" or other insurance are fully available and collectible.

**C.    Cancellation**

**1.** You may cancel this Policy.  You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

**2.** We may cancel this Policy.  If we cancel because of non-payment of premium, we must mail or deliver to you not less than ten (10) days advance written notice stating when the cancellation is to take effect.  If we cancel for any other reason, we must mail or deliver to you not less than thirty (30) days advance written notice stating when the cancellation is to take effect.  Mailing that notice to you at your mailing address shown in **ITEM 1.** of the Declarations will be sufficient to prove notice.

**3.** The Policy Period will end on the day and hour stated in the cancellation notice.

**4.** If we cancel, earned premium will be calculated pro rata based on the time this Policy was in force.

**5.** If you cancel, earned premium will be more than a pro rata of the Advanced Premium as shown on **ITEM 6.** of the Declarations; it will be based on the time this Policy was in force and increased by the applicable short rate cancellation table and procedure.

**6.** Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter but the cancellation will be effective even if we have not made or offered any refund due you.  Our check or our representative's check, mailed or delivered,  shall be sufficient tender of any refund due you.

**7.** The first Named Insured in **ITEM 1.** of the Declarations shall act on behalf of all other Insured(s) with respect to the giving and receiving of notice of cancellation and the receipt of any refund that may become payable under this Policy.

**8.** Any of these provisions that conflict with a law that controls the cancellation of the insurance in this Policy is changed by this statement to comply with that law.

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

6-28-2021                                            4A21065G7780001                                            6020210628038826

**D.    Changes**

You must promptly notify us of any newly acquired or formed organizations, or coverage or limit changes made after the inception date of this Policy to the First Underlying Insurance Policy(ies) as scheduled in **ITEM 5.A.** of the Declarations.

Coverage under this Policy will apply to newly acquired or formed organizations only if we endorse the organization as an Insured onto this Policy. Any newly acquired or formed organizations endorsed onto this Policy may be subject to an additional premium and to a premium audit.

**E.    Coverage Territory**

Any claim or suit for loss or damage occurring within the Coverage Territory must be brought within the United States of America.

Coverage Territory shall be deemed to be anywhere in the world with the exception of any country or jurisdiction which is subject to trade or other economic sanction or embargo by the United States of America.

Payments under this Policy shall only be made in full compliance with all United States of America economic or trade sanction laws or regulations, including, but not limited to, sanctions, laws and regulations administered and enforced by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC").

**F.    Defense**

We have no duty to defend any claim or suit and will not be obligated to assume charge of the investigation, settlement or defense of any claim, suit or proceeding instituted against you or any Insured for loss or damages to which this insurance may apply.  We will have the right and opportunity to participate or associate in the investigation, settlement or defense of any claim, suit or proceeding against you or an Insured for loss or damage to which this insurance may apply. If we exercise such right, which is at our sole discretion, we will do so at our own expense.

**G.    Maintenance of "Underlying Insurance"**

You agree to maintain all "Underlying Insurance" in full force and effect during our Policy Period stated in **ITEM 2.** of the Declarations, except for the reduction of the aggregate limits of the "Underlying Insurance" due to payment of claim(s) or suit(s) for loss or damage to which this insurance may apply. If you fail to comply with this condition precedent, then the insurance provided by this Policy shall only apply as though such "Underlying Insurance" had been in full force and effect by you.

**H.    Notification of Accidents or Occurrences**

1.    You or an Insured must see to it that we are notified as soon as practicable of an accident, occurrence or wrongful act which is reasonably likely to result in a claim or suit to which this insurance may apply.

To the extent possible, notice will include:

a.    How, when and where the accident, occurrence or wrongful act took place;

b.    The names and addresses of any injured persons and witnesses;

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

6-28-2021                                                    4A21065G7780001                                                    6020210628038826

    **c.** The nature and location of any loss, injury or damage arising out of the accident, occurrence or wrongful act.

**2.** If a claim is made or a suit is brought against an Insured that is reasonably likely to involve this Policy, you or an Insured must notify us in writing as soon as practicable.

**3.** You and an Insured must:

    **a.** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

    **b.** Authorize us to obtain records and other information;

    **c.** Cooperate with us in the investigation, settlement or defense of the claim or suit; and

    **d.** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the Insured because of loss or damage to which this insurance may also apply.

**4.** No Insured will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**I. Other Insurance**

If other insurance applies to "Ultimate Net Loss" that is also covered by this Policy, this Policy will apply excess of, and will not contribute to, the other insurance. Nothing herein will be construed to make this Policy subject to the terms, conditions and limitations of such other insurance. However, other insurance does not include:

**1.** "Underlying Insurance";

**2.** Insurance that is specifically written as excess over this Policy; or

**3.** Insurance held by a person(s) or organization(s) qualifying as an additional insured in "Underlying Insurance", but only when the written contract or agreement between you and the additional insured requires a specific limit of insurance that is in excess of the Underlying Limits of Insurance. However, the Limits of Insurance afforded the additional insured in this paragraph shall be the lesser of the following:

    **a.** The minimum limits of insurance required in the contract or agreement between you and the additional insured; or

    **b.** The Limits of Insurance shown in the Declarations of this Policy.

Other insurance includes any type of self-insurance or other mechanism by which an Insured arranges for the funding of legal liabilities.

**J. Premium**

The first Named Insured shown in **ITEM 1.** of the Declarations shall be responsible for payment of all premiums when due.

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

The Advanced Premium shown in **ITEM 6.** of the Declarations is a flat premium for this Policy Period, unless Estimated Exposure, Rate Per and Audit Period are completed on the Declarations. In that case a Premium Audit Endorsement will be attached to the Policy.

Earned Premium in a Policy Period shall be subject to the Minimum Premium and the Minimum Earned Premium as stated in the Declarations, if applicable.

**K.     Transfer of Rights of Recovery Against Others to Us**

If the Insured has rights to recover all or part of any payment we have made under this Policy, those rights are transferred to us. The Insured must do nothing after loss to impair them. At our request, the Insured will bring suit or transfer those rights to us and help us enforce them. Reimbursement of recovery(ies), minus expenses incurred by us in the process of recovery, will be first made to any interest (including the Insured) who has paid any amounts in excess of the limits of this Policy; then next to us; and then finally to all other interests (including the Insured and the underlying insurer) with respect to the remaining amounts, if any.

**L.     Unintentional Errors or Omissions**

Your failure to disclose all hazards existing as of the inception date of this Policy shall not prejudice you with respect to the coverage afforded by this Policy provided such failure or any omission is not intentional.

**M.     When "Ultimate Net Loss" is Payable**

Coverage under this Policy will not apply unless and until the Insured or the Insured's "Underlying Insurance" has paid or is obligated to pay the full amount of the limits of the "Underlying Insurance" scheduled in **ITEM 5.** of the Declarations.  If other insurance applies, coverage under this Policy will not apply until the other insurance has paid or is obligated to pay the full amount of its limit of insurance.

When the "Ultimate Net Loss" is determined, we will pay on behalf of the Insured the amount of "Ultimate Net Loss" to which this insurance applies.

**SECTION V. EXCLUSIONS**

This insurance shall not apply to:

**A.     Asbestos**

1.   "Ultimate Net Loss" arising out of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust;

2.   Any obligation of the Insured to indemnify any party because of damages arising out of such "Ultimate Net Loss" as a result of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust; or

3.   Any obligation to defend any suit or claim against the Insured seeking damages, if such suit or claim arises from "Ultimate Net Loss" as a result of the manufacture of, mining of, use of, sales of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust.

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

**B.    Auto Coverages**

"Ultimate Net Loss" arising out of or resulting from any first party physical damage coverage; no-fault law; personal injury protection or auto medical payments coverage; or uninsured or underinsured motorist law.

**C.    Nuclear**

"Ultimate Net Loss":

**1.    a.**    With respect to which the Insured is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability-Property Insurance Assoc., Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

**b.**    Resulting from the "hazardous properties" of "Nuclear Material" and with respect to which **(1)** any person or any organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(2)** the Insured is, or had this Policy not been available would be, entitled to indemnity from the United States of America or any agency thereof, under any agreement entered into by the United States of America or any agency thereof, with any person or organization.

**2.**    "Ultimate Net Loss" resulting from the hazardous properties of "Nuclear Material", if:

**a.**    The "Nuclear Material" **(1)** is at any "nuclear facility" owned by the Insured or operated by the Insured or on the Insured's behalf, or **(2)** has been discharged or dispensed therefrom;

**b.**    The "Nuclear Material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by the Insured or on the Insured's behalf; or

**c.**    The "Ultimate Net Loss" arises out of the furnishing by the Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "Nuclear Facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **c.** applies only to property damage to such "Nuclear Facility" and any property thereat.

**3.**    As used in this exclusion:

**a.**    "Hazardous Properties" includes radioactive, toxic or explosive properties;

**b.**    "Nuclear Material" means "Source Material", "Special Nuclear Material" or "By-Product Material;"

**c.**    "Source Material", "Special Nuclear Material" and "By-product Material" have the meanings given them in the Atomic Energy Act of 1954 or any law amendatory thereof;

**d.**    "Spent Fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

**e.**    "Waste" means any waste material **(1)** containing "By-Product Material" and **(2)** resulting from the operation by any person or organization of a "Nuclear Facility" included within the definition of "Nuclear Facility" below;

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

6-28-2021                                          4A21065G7780001                                          6020210628038826

    **f.**   "Nuclear Facility" means:

        **(1)**  Any nuclear reactor;

        **(2)**  Any equipment or device designed or used for **(i)** separating the isotopes of uranium or plutonium, **(ii)** processing or utilizing "Spent Fuel", or **(iii)** handling, processing or packaging wastes;

        **(3)**  Any equipment or device used for the processing, fabricating, or alloying of "Special Nuclear Material" if at any time the total amount of such material in the Insured's custody at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

        **(4)**  Any structure, basin, excavation, premises or place prepared or used for storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

    **g.**   "Nuclear Reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

    **h.**   "Ultimate Net Loss" includes all forms of radioactive contamination of property.

## D.   Pollution

    **1.**   "Ultimate Net Loss" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

    **2.**   Loss, cost or expense arising out of any:

        **a.**  Request, demand, order or statutory or regulatory requirement that any Insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

        **b.**  Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

    This exclusion does not apply if valid "Underlying Insurance" for the pollution liability risks described above exists or would have existed but for the exhaustion of the applicable limits of the Underlying Insurance. Coverage provided under this Policy will follow the terms, definitions, conditions, exclusions and limitations of the First Underlying Insurance Policy(ies).

## E.   Workers Compensation and Similar Laws

    "Ultimate Net Loss" for any obligation of the Insured under any worker's compensation, disability benefits or unemployment compensation law or any similar law.

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

# **Starr Surplus Lines Insurance Company**

Chicago, IL  1-646-227-6300

# Service of Suit Endorsement

**Policy Number:**  1000015609        **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:**  JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

This endorsement modifies the insurance coverage form(s) that have been purchased by you and evidenced as such on the Declarations page.  Please read the endorsement and respective policy(ies) carefully.

As used in this Endorsement, the "Company" refers to Starr Surplus Lines Insurance Company.

This applies in jurisdictions where the Company is not an admitted insurer.

It is agreed that in the event of the Company's failure to pay the amount claimed to be due hereunder, the Company, at the request of the Insured, will submit to the jurisdiction of a Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.  Nothing in this Endorsement constitutes or should constitute a waiver of the Company's right to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or any State in the United States.

It is further agreed that, pursuant to any statute of any state, territory or district of the United States which makes provision therefore, the Company hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Insured or any beneficiary hereunder arising out of this Policy of insurance, and hereby designates General Counsel, Legal Department, Starr Surplus Lines Insurance Company, 399 Park Avenue, New York, N.Y. 10022 as the person to whom the said officer is authorized to mail such process or true copy thereof.

It is further understood and agreed that service of process in such suit may be made upon General Counsel, Legal Department, Starr Surplus Lines Insurance Company, 399 Park Avenue, New York, N.Y. 10022 and that in any suit instituted against any one of them upon this contract, the Company will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

All other terms and conditions of this Policy remain unchanged.

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

 **Starr Surplus Lines Insurance Company**

Chicago, IL  1-646-227-6300

Signed for the Company as of the Effective Date above:

_____        _____
**Charles H. Dangelo, President**             **Nehemiah E. Ginsburg, General Counsel**

**Copyright ©  C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

6-28-2021                                     4A21065G7780001                                     6020210628038826

# **Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

# Florida Changes –
# Cancellation and Nonrenewal

**Policy Number:** 1000015609       **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

**A. SECTION IV. CONDITIONS,** condition **C. Cancellation** is deleted in its entirety and replaced with the following:

**C. Cancellation**

1. The Named Insured shown in the Declarations may cancel this Policy by mailing or delivering to us advance written notice of cancellation.

2. Cancellation of Policies in effect

   **a.** For 90 Days Or Less

   If this Policy has been in effect for 90 days or less, we may cancel this Policy by mailing or delivering to the Named Insured written notice of cancellation, accompanied by the reasons for cancellation, at least:

   **(1)** 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   **(2)** 45 days before the effective date of cancellation if we cancel for any other reason, except we may cancel immediately if there has been:

   **(a)** A material misstatement or misrepresentation; or

   **(b)** A failure to comply with the underwriting requirements established by the insurer.

   **b.** For More Than 90 Days

   If this Policy has been in effect for more than 90 days, we may cancel this Policy only for one or more of the following reasons:

   **(1)** Nonpayment of premium;

   **(2)** The Policy was obtained by a material misstatement;

   **(3)** Failure to comply with underwriting requirements established by the Insured within 90 days of the effective date of coverage;

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company. All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**



# Starr Surplus Lines Insurance Company

Chicago, IL 1-646-227-6300

**(4)** A substantial change in the risk covered by the Policy; or

**(5)** The cancellation is for all Insureds under such policies for a given class of Insureds.

If we cancel this Policy for any of these reasons, we will mail or deliver to the Named Insured written notice of cancellation, accompanied by the reasons for cancellation at least:

**(a)** 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

**(b)** 45 days before the effective date of cancellation if we cancel for any of the other reasons stated in paragraph **2.b.**

**3.** We will mail or deliver our notice to the Named Insured's last mailing address known to us.

**4.** Notice of cancellation will state the effective date of cancellation. The Policy Period will end on that date.

**5.** If this Policy is cancelled, we will send the Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the Named Insured cancels, the refund may be less than pro rata. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund within 15 working days after the date cancellation takes effect, unless this is an audit policy.

If this is an audit policy, then, subject to your full cooperation with us or our agent in securing the necessary data for audit, we will return any premium refund due within 90 days of the date cancellation takes effect. If our audit is not completed within this time limitation, then we shall accept your own audit, and any premium refund due shall be mailed within 10 working days of receipt of your audit.

The cancellation will be effective even if we have not made or offered a refund.

**6.** If notice is mailed, proof of mailing will be sufficient proof of notice.

**7.** The Named Insured in **ITEM 1.** of the Declarations shall act on behalf of all other Insureds with respect to the giving and receiving of notice of cancellation and the receipt of any refund that may become payable under this Policy.

**B.** The following condition is added to **SECTION IV. CONDITIONS:**

**Nonrenewal**

**1.** If we decide not to renew this Policy, we will mail or deliver to the Named Insured written notice of nonrenewal, accompanied by the reason for nonrenewal, at least 45 days prior to the expiration of this Policy.

**2.** Any notice of nonrenewal will be mailed or delivered to the Named Insured's last mailing address known to us. If notice is mailed, proof of mailing will be sufficient proof of notice.

**SL– 301 FL (04/09)**                                                                                     **Page 2 of 3**
Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

 **Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

All other terms and conditions of this Policy remain unchanged.

Signed for the Company as of the Effective Date above:

Charles H. Dangelo, President

Nehemiah E. Ginsburg, General Counsel

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

6-28-2021                4A21065G7780001               6020210628038826



**Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

# Florida Changes – Coverage Territory

**Policy Number:** 1000015609        **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

**A.  SECTION IV.  CONDITIONS,** condition **E. Coverage Territory** is deleted and replaced with the following:

     **E. Coverage Territory**

     This policy covers loss or damage occurring anywhere in the world, provided any claim or suit for such loss or damage is brought within the United States of America.

All other terms and conditions of this Policy remain unchanged.

Signed for the Company as of the Effective Date above:

_____
**Charles H. Dangelo, President**

_____
**Nehemiah E. Ginsburg, General Counsel**

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

# Starr Surplus Lines Insurance Company

Chicago, IL 1-646-227-6300

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# Other Insurance – Primary and Noncontributory for Additional Insured

**Policy Number:**  1000015609          **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:**  JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

This endorsement modifies insurance provided under the following:

**EXCESS LIABILITY POLICY FORM**

A.  Sub-paragraph 3. of item I. Other Insurance under SECTION IV. CONDITIONS is replaced with the following:

3.  Insurance held by a person(s) or organizations(s) qualifying as an additional insured in "Underlying Insurance", but only when the written contract or agreement between you and the additional insured:
    a.  Requires a specific limit of insurance than is in excess of the Underlying Limits of Insurance;
    b.  Requires that your insurance be primary and not contribute with that of the additional insured; and
    c.  Executed prior to the loss.

In such case as described in sub-paragraph 3. above, we shall not seek contribution from the additional insured's primary or excess insurance for which they are a named insured for amounts payable under this insurance.

**All other terms, definitions, conditions and exclusions of this policy remain unchanged.**

**Signed for STARR SURPLUS LINES INSURANCE COMPANY**

_____                      _____
**Charles H. Dangelo, President**                        **Nehemiah E. Ginsburg, General Counsel**

Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission

6-28-2021                                    4A21065G7780001                                    6020210628038826

# Starr Surplus Lines Insurance Company

Chicago, IL 1-646-227-6300

## Defense Condition Amendment

**Policy Number:** 1000015609          **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

**SECTION IV.  CONDITIONS,** condition **F. Defense** is deleted in its entirety and replaced with the following:

**F.  Defense**

1.  At our discretion, we may:
    a.  Investigate any occurrence, claim or suit;
    b.  Settle any claim or suit of which we assume control of the settlement or defense.

2.  We have the right, but not the duty, to associate with any underlying insurer or other insurers in the defense and control of any claim or suit seeking damages to which this insurance may apply.

3.  We have the right and duty to defend any claim or suit against any Insured seeking damages to which this insurance applies when "Underlying Insurance" ceases to apply because of exhaustion of its limits of insurance solely by payment of claims, settlements, judgments, or defense costs subject to such limits, for damages to which this insurance also applies.

4.  We will pay, with respect to any claim we investigate or settle, or any suit against an Insured we defend, when the duty to defend exists:
    a.  All expenses we incur.
    b.  Up to $2000 for cost of bail bonds (including bonds for related traffic law violations) required because of an occurrence we cover. We do not have to furnish these bonds.
    c.  The cost of bonds to release attachments, but only for bond amounts within the applicable Limit of Insurance. We do not have to furnish these bonds.
    d.  All reasonable expenses incurred by the Insured at our request to assist us in the investigation or defense of the claim or suit, including actual loss of earnings up to $250 a day because of time off from work.
    e.  All court costs taxed against the Insured in the suit. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the Insured.
    f.  Prejudgment interest awarded against the Insured on that part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.
    g.  All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable Limit of Insurance.

5.  If we exercise our rights or duties as stated in paragraphs **2.** and **3.** above, any expense related to such right or duty will be defense costs under this Policy.

**SL - 143 (10/08)**                                                             **Page 1 of 2**

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

 **Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

6. After the Limits of Insurance of this policy are used up in the payment of:

   **a.** Judgments;
   **b.** Settlements; or
   **c.** Defense costs, if defense costs are included within and erode the limits of insurance of the applicable "Underlying Insurance",

   we will not provide any defense under this Policy.


All other terms and conditions of this Policy remain unchanged.




**Signed for STARR SURPLUS LINES INSURANCE COMPANY**


_____          _____
**Charles H. Dangelo, President**              **Nehemiah E. Ginsburg, General Counsel**

Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

6-28-2021                                    4A21065G7780001                                    6020210628038826



# Starr Surplus Lines Insurance Company

Chicago, IL 1-646-227-6300

# Waiver of Transfer of Rights of Recovery Against Others to Us

**Policy Number:** 1000015609      **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

**SCHEDULE**

| Name Of Person Or Organization: |
|---|
| All as required by written contact. |

**SECTION IV. CONDITIONS**, condition **K. Transfer of Rights of Recovery Against Others to Us** is amended to include the following:

    We waive any right of recovery we may have against the person or organization shown in the Schedule of this endorsement because of payments we make for injury or damage arising out of your ongoing operations or your work done under a contract with that person or organization and included in the products-completed operations hazard. This waiver applies only to the person or organization shown in the Schedule of this endorsement.

All other terms and conditions of this Policy remain unchanged.

**Signed for STARR SURPLUS LINES INSURANCE COMPANY**

Charles H. Dangelo, President      Nehemiah E. Ginsburg, General Counsel

Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

6-28-2021      4A21065G7780001      6020210628038826



# Starr Surplus Lines Insurance Company

Chicago, IL 1-646-227-6300

## Continuing or Progressively Deteriorating Damages Endorsement

**Policy Number:** 1000015609   **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

In the event of continuing or progressively deteriorating damage, such damage shall be deemed to occur only when such damage commences.  If the damage occurs during the Policy Period, our Limits of Insurance in effect at the time of such commencement shall be the only limits that apply.

All other terms and conditions of this Policy remain unchanged.

**Signed for STARR SURPLUS LINES INSURANCE COMPANY**

Charles H. Dangelo, President    Nehemiah E. Ginsburg, General Counsel

Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

6-28-2021    4A21065G7780001    6020210628038826

**Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# Anti-Stacking Endorsement

**Policy Number:** 1000015609                    **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

This endorsement modifies insurance provided under the following:

**EXCESS LIABILITY POLICY FORM**

If this insurance and any other insurance issued to the Insured by the Company or any of its affiliated companies shall apply to the same Claim or Suit, the maximum limit of insurance under all insurance available shall not exceed the highest applicable limit of insurance available under any one policy. This condition does not apply to any other insurance issued by the Company or any of its affiliated companies specifically to apply as excess insurance of over this policy.

All other terms, definitions, conditions and exclusions of this policy remain unchanged.

**Signed for STARR SURPLUS LINES INSURANCE COMPANY**

_____                    _____
**Charles H. Dangelo, President**                    **Nehemiah E. Ginsburg, General Counsel**

**SL 107 (04-11)**                                                                                **Page 1 of 1**
Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission

# Starr Surplus Lines Insurance Company

Chicago, IL 1-646-227-6300

# Limitation of Coverage to Designated Premises or Project

**Policy Number:** 1000015609        **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

**SCHEDULE**

| **Premises:** |
| --- |
| 8701 Collins Avenue Surfside, FL 33154 |

| **Project:** |
| --- |
| Contractor Controlled Insurance Program for the ground up construction of a 20 story concrete and steel condominium tower consisting 68 units. |

This insurance applies only to "Ultimate Net Loss" arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2. The project shown in the Schedule.

All other terms and conditions of this Policy remain unchanged.

**Signed for STARR SURPLUS LINES INSURANCE COMPANY**

Charles H. Dangelo, President          Nehemiah E. Ginsburg, General Counsel

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.**

6-28-2021        4A21065G7780001        6020210628038826

 **Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

# EIFS Exclusion

**Policy Number:** 1000015609     **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

**A.** The following exclusion is added to **SECTION V. EXCLUSIONS:**

This insurance shall not apply to "Ultimate Net Loss" arising out of:

**1.** The design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction, or replacement of an "exterior insulation and finish system" (commonly referred to as synthetic stucco) or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulkings or sealants in connection with such a system.

**2.** Any work or operations with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system" is used on any part of that structure.

This exclusion applies to all work performed by you or on your behalf.

**B.** For the purposes of this exclusion, an "exterior insulation and finish system" means an exterior cladding or finish system used on any part of any structure, and consisting of a rigid or semi rigid insulation board made of expanded polystyrene or other materials, and consisting of:

**1.** The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate;

**2.** A reinforced base coat; and

**3.** A finish coat providing surface texture and color.

All other terms and conditions of this Policy remain unchanged.

**Signed for STARR SURPLUS LINES INSURANCE COMPANY**

_Charles H. Dangelo_        _Nehemiah E. Ginsburg_
**Charles H. Dangelo, President**       **Nehemiah E. Ginsburg, General Counsel**

Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company. All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

6-28-2021        4A21065G7780001        6020210628038826

**Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

# Cap on Losses From Certified Acts of Terrorism

**Policy Number:** 1000015609          **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

This endorsement modifies insurance provided under the following:

SURPLUS EXCESS LIABILITY POLICY

**A.**  If aggregate insured losses attributable to terrorist acts certified under the federal Terrorism Risk Insurance Act exceed $100 billion in a calendar year and we have met our insurer deductible under the Terrorism Risk Insurance Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

"Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in accordance with the provisions of the federal Terrorism Risk Insurance Act, to be an act of terrorism pursuant to such Act. The criteria contained in the Terrorism Risk Insurance Act for a "certified act of terrorism" include the following:

**1.**  The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and

**2.**  The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

**B.**  The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for any loss or damage that is otherwise excluded under this Policy.

All other terms and conditions of this Policy remain unchanged.

Signed for the Company as of the Effective Date above:

Charles H. Dangelo, President                    Nehemiah E. Ginsburg, General Counsel

**SL – 342 (01/15)**                                                              **Page 1 of 1**
Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company. All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

# Starr Surplus Lines Insurance Company

Chicago, IL 1-646-227-6300

# Certified Acts of Terrorism Coverage
# Excess of Retained Amount With Cap on Losses

**Policy Number:** 1000015609          **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

This endorsement modifies insurance provided under the following:

      EXCESS LIABILITY POLICY

SCHEDULE

| | |
|---|---|
| **Certified Acts of Terrorism Retained Amount** | $ 26,000,000 |

**A. Coverage provided by this Policy for "Ultimate Net Loss" arising out of a "certified act of terrorism" applies in excess of the Certified Acts of Terrorism Retained Amount described in paragraph B. below.**

**B. SECTION II. LIMITS OF INSURANCE is amended to include the following:**

The Certified Acts of Terrorism Retained Amount refers to the amount stated in the Schedule of this endorsement. This amount may consist of a self-insured retention, "Underlying Insurance" or a combination thereof.

The Certified Acts of Terrorism Retained Amount applies:

**1. Only to "Ultimate Net Loss" arising out of a "certified act of terrorism" covered under this Policy; and**

**2. Separately to each "certified act of terrorism".**

We will pay those sums covered under this Policy only after your Certified Acts of Terrorism Retained Amount has been exhausted by means of payments for judgments or settlements. Defense expenses shall not erode the Certified Acts of Terrorism Retained Amount.

**C. SECTION IV. CONDITIONS,** is amended to include the following condition:

**Cap on Losses From Certified Acts of Terrorism**

If aggregate insured losses attributable to terrorist acts certified under the federal Terrorism Risk Insurance Act exceed $100 billion in a calendar year and we have met our insurer deductible under the Terrorism Risk Insurance Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

**SL - 343 (01/15)**                                                                 **Page 1 of 2**
Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company. All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

 **Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

**D.  SECTION III. DEFINITIONS, is amended to include the following definition:**

"Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in accordance with the provisions of the federal Terrorism Risk Insurance Act, to be an act of terrorism pursuant to such Act. The criteria contained in the Terrorism Risk Insurance Act for a "certified act of terrorism" include the following:

**1.**  The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and

**2.**  The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

**E.**  The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for any loss or damage that is otherwise excluded under this Policy.

All other terms and conditions of this Policy remain unchanged.

Signed for the Company as of the Effective Date above:

Charles H. Dangelo, President        Nehemiah E. Ginsburg, General Counsel

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

6-28-2021                                    4A21065G7780001                                    6020210628038826

 **Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

# Disclosure Pursuant to Terrorism Risk Insurance Act

**Policy Number:** 1000015609          **Effective Date:** 09/01/2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

**SCHEDULE**

| SCHEDULE – PART I |
| --- |
| **Terrorism Premium (Certified Acts)** : REDACTED<br>**This premium is the total Certified Acts premium attributable to the following Coverage Part(s), Coverage Form(s) and/or Policy(ies):**<br>ALL COVERAGE UNDER THIS POLICY.<br><br><br><br>**Additional information, if any, concerning the terrorism premium:**<br>N/A<br><br><br><br> |

| SCHEDULE – PART II |
| --- |
| **Federal share of terrorism losses**   \_85\_   **% Year: 20** \_15\_<br>(Refer to Paragraph **B.** in this endorsement.)<br><br>**Federal share of terrorism losses**   \_84\_   **% Year: 20** \_16\_<br>(Refer to Paragraph **B.** in this endorsement.)<br><br>**Federal share of terrorism losses**   \_83\_   **% Year: 20** \_17\_<br>(Refer to Paragraph **B.** in this endorsement.)<br><br>**Federal share of terrorism losses**   \_82\_   **% Year: 20** \_18\_<br>(Refer to Paragraph **B.** in this endorsement.) |

**SL - 344 (01/15)**                                                                     **Page 1 of 2**
Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

 **Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

| | |
|---|---|
| **Federal share of terrorism losses**   _81_   % Year: 20  _19_ | |
| (Refer to Paragraph **B.** in this endorsement.) | |
| | |
| **Federal share of terrorism losses**   _80_   % Year: 20  _20_ | |
| (Refer to Paragraph **B.** in this endorsement.) | |

Information required to complete this Schedule, if not shown above, will be shown in the Policy Declarations.

**A.** Disclosure Of Premium

In accordance with the federal Terrorism Risk Insurance Act, we are required to provide you with a notice disclosing the portion of your premium, if any, attributable to coverage for terrorist acts certified under the Terrorism Risk Insurance Act. The portion of your premium attributable to such coverage is shown in the Schedule of this endorsement or in the Policy Declarations.

**B.** Disclosure Of Federal Participation In Payment Of Terrorism Losses

The United States Government, Department of the Treasury, will pay a share of terrorism losses insured under the federal program. The federal share equals a percentage (as shown in Part **II** of the Schedule of this endorsement or in the policy Declarations) of that portion of the amount of such insured losses that exceeds the applicable insurer deductible. However, if aggregate insured losses attributable to terrorist acts certified under the Terrorism Risk Insurance Act exceed $100 billion in a calendar year, the Treasury shall not make any payment for any portion of the amount of such losses that exceeds $100 billion.

**C.** Cap On Insurer Participation In Payment Of Terrorism Losses

If aggregate insured losses attributable to terrorist acts certified under the Terrorism Risk Insurance Act exceed $100 billion in a calendar year and we have met our insurer deductible under the Terrorism Risk Insurance Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

All other terms and conditions of this Policy remain unchanged.

Signed for the Company as of the Effective Date above:

_____
**Charles H. Dangelo, President**

_____
**Nehemiah E. Ginsburg, General Counsel**

Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company. All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.



**Starr Indemnity & Liability Company**

Dallas, TX 1-866-519-2522

# Extended Completed Operations Amendatory Endorsement

**Policy Number:** 1000015609           **Effective Date:** 09-01-2017 at 12:01 A.M.
**Named Insured:** JOHN MORIARITY & ASSOCIATE OF FLORIDA, INC.

This endorsement modifies insurance provided under the following:

**EXCESS LIABILITY POLICY FORM**

It is hereby agreed as follows:

1.  **SECTION II. LIMITS OF INSURANCE**, paragraphs **3.** and **4.** are deleted in their entirety and replaced by the following:

    3.  Subject to Paragraph **B.2.** above, the Each Occurrence limit stated in **ITEM 4.A.** of the Declarations is the most we will pay for the "Ultimate Net Loss" for loss or damages arising out of any one occurrence to which this insurance applies.  This specifically includes "Ultimate Net Loss" for loss or damages arising out of any one occurrence to which this insurance applies by way of any extended products-completed operations period provided by the First Underlying Insurance Policy(ies).

    4.  Subject to Paragraphs **B.2.** and **B.3.** above, the limit stated in **Item 4.C.** of the Declarations for the Products-Completed Operations Aggregate is the most we will pay for all "Ultimate Net Loss" under the products-completed operations hazard.  This specifically includes "Ultimate Net Loss" under the products-completed operations hazard to which this insurance applies by way of any extended products-completed operations period provided by the First Underlying Insurance Policy(ies).

2.  Declarations **ITEM 2.** is amended to include any extended products-completed operations period provided by the First Underlying Insurance Policy(ies).

All other terms and conditions of this Policy remain unchanged.

**Signed for STARR INDEMNITY & LIABILITY COMPANY**

Charles H. Dangelo, President            Nehemiah E. Ginsburg, General Counsel

**Manuscript**                      Page 1 of 1
Copyright © C. V. Starr & Company and Starr Indemnity & Liability Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.

**Starr Surplus Lines Insurance Company**

| Starr Surplus Lines Excess Starr Companies Program |
| Claim Reporting Guidelines |

**Send all Excess Casualty Loss Notices to:**

    **York Risk Services Group, Inc.**
    **Attn OSC**

    **P.O. Box 183188**
    **Columbus, OH 43218-3188**

    **Claims E-mail:**  4869excessclaims@yorkrsg.com
    **Claims Fax:**    (866) 695-3651

Our preferred method of reporting is by email but Loss Notices may be submitted via certified mail or faxed. If immediate attention is needed, e-mailing or faxing the Loss Notice and/or Claim or Litigation information is strongly recommended. If you have a claim related question and need to contact York by telephone, please do so at (866) 391-9675.

**Consult Your Policy For Loss Reporting Requirements**

Your policy states when to report a loss and details the information to be submitted with a First Notice of Loss. This is often found in the General Conditions section, although it may be changed by an endorsement. Additionally, the following information/documentation will always be helpful in assisting us with our evaluation.

- Citing Starr Surplus Lines' policy, or claim number, in all correspondence.
- Providing a copy of any suit, demand for arbitration or mediation, a governmental agency notice, claim letter or any similar notice.
- Sending a copy of any internal reports related to the loss.
- Forwarding copies of status reports prepared by your defense counsel and/or your claim handler, if the case has been pending for a period of time.

Starr Surplus Lines will always acknowledge each First Notice of Loss, initiate contact to open lines of communication, and will request any additional information that may be needed. Our formal claims acknowledgment will identify Starr Indemnity's person responsible for handling your reported Claim, and their specific contact information.

If you have questions or would like to discuss a specific loss with one of our Claims Team members, please feel free to contact us. Thank you.

# Starr Surplus Lines Insurance Company

Chicago, IL 1-646-227-6300

POLICY NUMBER: 1000015609                                          **EXCESS LIABILITY POLICY**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# POLICY CHANGES

This endorsement modifies insurance provided under the following:

**EXCESS LIABILITY POLICY FORM**

Effective Date of Change: 03/01/2020                          Change Endorsement No.: 1

Named Insured: JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.

The following item(s):

| | | | |
|---|---|---|---|
| ☐ | Insured's Name | ☐ | Insured's Mailing Address |
| ☐ | Policy Number | ☐ | Company |
| ☒ | Effective/Expiration Date | ☐ | Insured's Legal Status/Business Of Insured |
| ☐ | Payment Plan | ☒ | Premium Determination |
| ☐ | Additional Interested Parties: | ☐ | Coverage Forms And Endorsements |
| ☐ | Limits/Exposures | ☐ | Deductibles |
| ☐ | Covered Property/Located Description | ☐ | Classification/Class Codes |
| ☐ | Rates | ☐ | Underlying Insurance |

is (are) changed to read **{See Additional Page(s)}:**

The above amendments result in a change in the premium as follows:

SL – 103 (10/08)                                                                                     Page 1 of 2

**Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.**
**Includes copyrighted material of ISO Properties, Inc., used with its permission.**

 **Starr Surplus Lines Insurance Company**

Chicago, IL 1-646-227-6300

| ☐ | NO CHANGES | ☐ | TO BE ADJUSTED AT AUDIT | ADDITIONAL PREMIUM | RETURN PREMIUM |
|---|---|---|---|---|---|
| | | | | $     1,000 | $ |

| | |
|---|---|
| Endorsement Effective:03/01/2020 | Countersigned By: |
| Named Insured:JOHN MORIARY & ASSOCAITES OF FLORIDA INC | *Richard Bering* |

**POLICY CHANGES ENDORSEMENT DESCRIPTION**

In consideration of an additional premium of $1,000 it is agreed that this policy is extended to an expiration date of April 1, 2020.

Copyright © C. V. Starr & Company and Starr Surplus Lines Insurance Company.  All rights reserved.
Includes copyrighted material of ISO Properties, Inc., used with its permission.